UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL PINEIDA,

  Plaintiff,

 v.

CHARLES D. LEE, et al.,

  Defendants.

Case No. 12-cv-01171-JST

**ORDER DENYING MOTION TO DISMISS**

Re: ECF Nos. 118, 131, 134, 136

  Plaintiff Gabriel Pineida ("Pineida"), a California prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 asserting that Defendants at Salinas Valley State Prison ("SVSP") denied him adequate medical treatment for his ulcerative colitis, or delayed in providing that treatment. Before the Court is motions to dismiss filed by various Defendants in this action. ECF Nos. 118, 131, 134, 136.

**I. BACKGROUND**

 **A. Procedural History**

  Pineida initially brought this action pro se on March 8, 2012. His initial complaint named, among others, Defendants Lee, Wall, Rodriguez, and Sepulva ("original Defendants"), in both their official and individual capacities. ECF No. 1. Lee, Wall, and Rodriguez brought a motion to dismiss. ECF No. 20. The Court dismissed Pineida's claims against those Defendants in their official capacities, ECF No. 42 at 9 (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)), but denied the motion to dismiss Pineida's claims against those Defendants in their individual capacities. Id. at 10-19. The Court concluded that, as to those claims, Pineida had exhausted his

administrative remedies, filed his complaint within the statute of limitations, and pled sufficiently specific allegations. Id.

The initial complaint also named Defendant Millner, however Pineida was unable to serve Millner within 120 days after filing the complaint. Id. at 19. The Court therefore dismissed claims against Millner without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 42 at 19.

The Court referred Pineida to the Federal Pro Bono Project, ECF No. 73, and appointed counsel from Fenwick & West to assist him in this action. ECF No. 74. Following appointment of counsel, Pineida moved to file an Amended Complaint, which sought to add four new Defendants – Grounds, Marshall, Adams, and Bright ("additional Defendants"). [1] Pineida also sought to add additional allegations against original Defendants regarding retaliation for the exercise of his First Amendment rights. The Court, scrutinizing the Amended Complaint under Federal Rule of Civil Procedure 15, concluded that amendment would not be futile, as plaintiff's claims against new Defendants and additional claims against the original Defendants, if proven, would state a claim for relief. ECF No. 103. The Court also concluded that adding the additional Defendants to the action did not violate Rule 20 regarding joinder, as "[t]he basis of the complaint against all Defendants, original and new, concerns the allegedly systematic mistreatment of Pineida by SVSP staff." Id. at 13.

Original Defendants also moved to strike portions of the Proposed SAC. Although the

---

[1] Due to an error in an expert report on health care at SVSP, Pineida's proposed amended complaint mistakenly named "Brian Wilson" as the individual who served as the CEO of Health Care at SVSP. ECF No. 107. After attempting to serve this individual, Pineida became aware that the individual in this position was in fact defendant Marshall. ECF No. 122. The parties submitted a stipulation allowing Pineida to submit a corrected version of the complaint changing all references to Wilson to refer to defendant Marshall. Id. The Court granted this stipulation and Pineida filed a corrected version of the complaint on July 23, 2014. ECF No. 125. Because all allegations initially made against "Wilson" are now made against defendant Marshall, all of the references to "Wilson" in the Court's order granting plaintiff's motion for leave to file an amended complaint are discussed hereinafter as references to defendant Marshall.

2

Court found that the original Defendants' motion to strike was procedurally deficient, it went on to advise that "none of the challenged averments are properly subject to a motion to strike." Id. at 13. Original Defendants had contended that the proposed Exhibit, an expert study regarding SVSP's "ability to provide medical care to its inmates," should be stricken because it was prejudicial to the Defendants. Id. The Court concluded "[t]he report is not redundant, immaterial, impertinent, or scandalous." Id.

The Court also permitted Pineida to add claims against Defendant Millner. The Court had previously dismissed Miller under Rule 4(m), as Pineida had failed to serve him within the required time period. Because the 4(m) dismissal had been without prejudice and Pineida filed the motion to amend his complaint prior to the deadline to add parties to the case, the Court concluded that it was "appropriate to permit Plaintiff to re-assert his claims against Defendant Millner." Id. at 103.

On September 25, 2014, this Court granted Pineida's motion for a preliminary injunction directing SVSP "to provide him with a low fiber diet and 'no fewer than two nutritional shakes per day designed for meal supplementation." ECF No. 148 at 1. In reaching its conclusion, the Court found that Pineida had demonstrated a likelihood of success on the merits for his claim that SVSP Defendants had shown deliberate indifference a demonstrated medical need in refusing to provide him with his requested low fiber diet. Id. at 3-6.

**B.     Jurisdiction**

This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, because Plaintiff's Section 1983 claims arise under federal law.

**C.     Legal Standard**

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Review is limited to the contents of the complaint, including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

### D.     Impact of This Court's Rule 15 Order on the Present Motions

Although the Court has already considered a majority of the arguments raised by Defendants in the current motions in its prior Order Granting Leave to File an Amended Complaint, ECF No. 103, it previously did so under the framework of Rule 15. Under Rule 15, "[a] district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). As a part of its futility analysis, the Court stated that "[a] proposed amendment is futile only if *no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." ECF No. 103 at 7 (emphasis added) (quotations and citation omitted).

In Bell Atlantic Corp. v. Twombly, the Supreme Court held that the "no set of facts" standard, which courts had previously applied to motions to dismiss under 12(b)(6) pursuant to Conley v. Gibson, 355 U.S. 41 (1957), did not accurately state "the minimum standard of adequate

4

pleading to govern a complaint's survival" in the context of a motion to dismiss. Twombly, 550 U.S. at 563 (2007). Therefore, this Court is aware that its prior decision allowing Pineida to amend his complaint does not dictate the outcome of the present motions to dismiss, as the complaint must now meet a higher standard and provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Nonetheless, the Court's prior order scrutinized the same complaint that is currently operative for the purposes of the motions to dismiss. Much of the Court's prior discussion of what has been pled by Pineida remains relevant for the purposes of resolving the current motions. The Court accordingly will quote liberally from its prior order, ever mindful of the higher standard that governs the current motions.

## II. ANALYSIS

### A. Defendants Lee, Rodriguez, Sepulveda, and Wall

Original Defendants Lee, Rodriguez, Sepulveda, and Wall all argue that Pineida has failed to sufficiently plead a claim of First Amendment retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Original Defendants allege that Pineida has not sufficiently alleged that they denied him proper medical care *because of* the inmate appeals he filed while at SVSP.

The Ninth Circuit has acknowledged that "direct evidence of retaliatory intent rarely can be pleaded in a complaint," and therefore has allowed that "allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). This Court concluded in its prior order that Pineida had alleged a temporal connection between his appeals and original Defendants' mistreatment:

> Pineida alleges that Rodriguez . . . and Wall told Pineida he had a

5

surgical consultation pending when in fact it was lost, and alleges that these actions were motivated by Pineida's earlier appeal for surgery. PSAC ¶¶43-45. Pineida alleges that Lee summarily dismissed Pineida's appeals for a diet that wouldn't aggravative his condition. Id. ¶ 67. Sepulveda was chief medical officer from 2009 to 2011, and was responsible for denying Pineida the special shakes. Id. ¶69. Pineida alleges instances in which Sepulveda revoked or rejected the dietary plans Pineida's treating physicians ordered as part of his treatment. Compl. ¶¶ 54, 60-62 (incorporated by reference into the PSAC pursuant to PSAC ¶ 37). All of these actions occurred shortly after Plaintiff's appeals and complaints were filed. Pineida has therefore alleged a nexus between exercising his First Amendment Rights and his mistreatment.

ECF No. 103 at 10. The Court finds that, in light of the difficulty of pleading facts that would demonstrate a Defendant's retaliatory intent prior to discovery, these facts also sufficiently "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The Court therefore denies the motion to dismiss brought by the original Defendants. ECF No. 118.

### B. Defendants Grounds, Adams, Bright, and Marshall

#### 1. Deliberate Indifference

Additional Defendants Grounds, Adams, Bright, and Marshall all claim that Pineida has failed to allege specific actions taken by them that would demonstrate they personally participated in the deprivation of his constitutional rights. Additional Defendants allege that Pineida has failed to demonstrate that they were aware of medical violations that occurred after they began their supervisory positions and failed to prevent them. Defendant Grounds has served as the Warden of SVSP since 2012. Dr. Adams serves as the Chief Medical Executive at SVSP since 2012. Dr. Bright serves as the Chief Physician and Surgeon at SVSP, a role he has held since April 2013. Marshall currently serves at the CEO of Health Care at SVSP.

To show additional Defendants were deliberately indifferent to his serious medical needs, Pineida will need to demonstrate that he was deprived of something "sufficiently serious" and that "the deprivation occurred with deliberate indifference to the inmate's health or safety." Foster v.

Runnels, 554 F.3d 807, 812 (9th Cir. 2009). Even in the absence of allegations of affirmative acts indicating personal participation, the Ninth Circuit has held that "a supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation . . . ; or for conduct that showed a reckless or callous indifference to the rights of others." Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (internal quotations and citation omitted).

In his complaint, Pineida alleges that "Adams, Bright, and Marshall are responsible for overseeing the administration of medical care at SVSP, and on that basis are responsible for the continued denial of an adequate diet and nutritional supplements." ECF No. 107 at ¶ 82. Pineida has also pled that "Defendants Grounds, [Marshall], Adams, and Bright acted with deliberate indifference to Mr. Pineida's welfare by: (1) after becoming aware of the violation of Mr. Pineida's Eighth Amendment rights failing to remedy the wrong; (2) creating or participating in the creation of policies under which Mr. Pineida's constitutional rights were violated and/or allowed such policy to continue; and/or (3) exhibiting gross negligence in supervision of subordinates administering medical care to Mr. Pineida." Id. at ¶ 83.

On September 25, 2014, this Court granted Pineida a preliminary injunction, requiring SVSP officials to provide him with a low fiber diet. ECF No. 148. As a part of that order, this Court concluded that Pineida had demonstrated a high likelihood of success that SVSP officials had acted with deliberate indifference to his serious medical needs in denying him such a diet. Id. at 3-6. Prior to that date, SVSP had refused to provide Pineida with a low fiber diet, despite medical advice indicating that the failure to provide such a diet resulted in avoidable pain and suffering. Given this litigation and Pineida's persistent requests for a low fiber diet, the Court concludes that Pineida has stated a plausible claim that additional Defendants, who supervise the administration of medical care at SVSP, were aware of Pineida's medical needs and participated in the implementation of a policy wherein those medical needs were not met, manifesting deliberate

indifference.

### 2. First Amendment Retaliation

Additional Defendants also claim that Pineida has failed to make out a First Amendment retaliation claim, because his complaint fails to allege sufficient facts to indicate that the exercise of his First Amendment rights was the cause of their allegedly retaliatory conduct. In its prior order, the Court concluded that Pineida had pled a sufficient "chronological link . . . between Pineida's actions and [additional] Defendants' alleged malfeasance. Pineida alleges that his filing of the instant lawsuit, along with his pro bono counsel's communications with Defendants, immediately preceded his again being denied the nutritional shakes and medicine he had been given in the past. ¶¶ 78-80." ECF No. 103 at 11. This chronology plausibly supports an inference of retaliatory motive as to the additional Defendants. Watison, 668 F.3d at 1114.

### 3. Improper Joinder

Additional Defendants all also claim that their joinder is improper under Federal Rule of Civil Procedure 20. Rule 20(a)(2) permits joinder of Defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all Defendants will arise in the action." Additional Defendants allege that because the conduct alleged by Pineida spans years, including a period before they began working at SVSP, Pineida has failed to show that his claims against the additional Defendants arise out of the "same transaction, occurrence, or series of transactions or occurrences" as the claims against original Defendants.

The Court has already addressed this objection in its Order Granting Leave to File an Amended Complaint, ECF No. 103, which concluded that Pineida had pleaded a claim of "systematic mistreatment . . . by SVSP staff," wherein "facts regarding that alleged mistreatment will be pertinent to every Defendant." Id. at 13. The Court reaffirms its prior conclusion that "[i]t

8

would not be a fair or efficient use of judicial resources to require Plaintiff to file a separate lawsuit against the . . . Defendants for very similar complaints about his ongoing problems with medical care at SVSP." Id.

### C. Defendant Millner

Defendant Millner alleges that Pineida's claims against him are time-barred. Millner was Pineida's Primary Care Physician from 2006 to October 2007. Millner alleges that Pineida's claim accrued when he was being treated by Millner. Millner asks the Court to find that Pineida's current lawsuit was not commenced as to him until June 27, 2014, outside of the four year statute of limitations.[2]

Pineida's § 1983 claim is governed by California's two year statute of limitations. Cal. Civ. Proc. Code § 335.1. Under Cal. Civ. Proc. Code § 352.1, as an incarcerated individual, Pineida had two additional years to file his complaint. "[T]he applicable statute of limitations" for filing an action under § 1983 "must be tolled while a prisoner completes the mandatory exhaustion process" provided by the prison's administrative procedures. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Pineida alleges that, as his primary care physician, Millner was deliberately indifferent to his medical needs from 2006 through October 2007. Pineida began to pursue administrative remedies within the prison in 2005 after SVSP officials failed to properly administer his medication. ECF No. 125 at ¶ 59. Pineida has pled that his administrative remedies regarding his medical care were not exhausted until March 8, 2011 and has provided documentation supporting this claim. See ECF No. 1-7 at 14m ECF No. 125 at 15 n.1.

It is true that Millner stopped working at SVSP in October 2007. Nevertheless, Pineida could not have brought his current claim regarding SVSP officials' systematic denial of medical

---

[2] Millner has previously acknowledged being served March 5, 2014. ECF No. 104 at 2.

9

care for his ulcerative colitis until he had exhausted the administrative remedies provided by the prison. See Valoff, 422 F.3d at 942 (holding "a prisoner may not proceed to federal court while exhausting administrative remedies"). Therefore, the Court concludes that the four year statute of limitations on Pineida's claims against Millner did not begin to run until March 8, 2011. Millner was named in Pineida's complaint on March 8, 2012. Although the Court dismissed Millner without prejudice under Federal Rule of Civil Procedure 4(m), he was served successfully on March 5, 2014, within four years of March 8, 2011.

Millner also asks the Court to dismiss Pineida's First Amendment retaliation claim against him. Pineida has alleged that Millner "told Pineida he had a surgical consultation pending when in fact it was lost, and alleges that these actions were motivated by Pineida's earlier appeal for surgery. PSAC ¶¶ 43-45." ECF No. 103 at 10. Given the temporal link between Pineida's attempt to exercise his rights and Millner's actions, the Court finds that Pineida has stated a claim for First Amendment retaliation. Watison, 668 F.3d at 1114.

Accordingly, the Court denies Defendant Millner's motion to dismiss.

### D. Motions to Strike Exhibit A and References

All Defendants except Millner ask the Court to strike certain portions of the complaint under Rule 12(f) of the Federal Rules of Civil Procedure, claiming the material sought to be stricken is "clearly aimed at gaining sympathy for Pineida, confusing the issues involved in a section 1983 case, and unnecessarily complicating this lawsuit." ECF No. 118 at 9, ECF No. 134 at 13, ECF No. 136 at 13. The portions of the complaint in question are references to an expert study of SVSP's ability to provide medical care to inmates and the exhibit itself, which is attached to the complaint. Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants argue that the report's documentation of the systematic mistreatment of inmates will only confuse the issues in the case, as it does not bear on whether Pineida himself was personally mistreated by the

Defendants.

The Court has already addressed Defendants' objections to the *Plata* report in its Order Granting Leave to File an Amended Complaint, ECF No. 103 at 13-14. The report references several of the Defendants by name and "concerns SVSP's systematic issues providing adequate healthcare to inmates during a period that overlaps with Pineida's alleged mistreatment." Id. at 14. Moreover, the report is directly relevant to a critical issue in the case – supervisory Defendants' awareness of and participation in a policy of deliberate indifference to the serious health needs of inmates. "The report is not redundant, immaterial, impertinent, or scandalous." Id.

### E. Motions to Strike Paragraph 36

All Defendants except Millner also move to strike paragraph 36 from Pineida's First Amended Complaint, as that paragraph seeks to incorporate by reference the entire factual recitation and all supporting documentation attached to Pineida's original complaint. Civil Local Rule 10-1 provides that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." The Court will grant Defendants' motion to strike, but allow Plaintiff leave to amend his complaint to incorporate the factual recitation and supporting documents from the original complaint that he had sought to incorporate by reference. Defendants may not file a renewed motion to dismiss, but should instead answer the complaint.

## III. CONCLUSION

The Court DENIES all Defendants' motions to dismiss in their entirety. ECF Nos. 118, 131, 134, 136. The Court also DENIES Defendants' motions to strike the Plata report. The Court

/ / /

/ / /

/ / /

/ / /

11

GRANTS Defendants' request to strike paragraph 36, but GRANTS Plaintiff leave to amend his complaint.

**IT IS SO ORDERED.**

Dated:  January 5, 2015

_____
JON S. TIGAR
United States District Judge